047202/20171/RCH/ELA/JFM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSA PATINO, | |
| Plaintiff, | |
| | No. |
| v. | |
| ATTREVE BROWN, HERTZ VEHICLES, LLC, and LYFT, INC., | |
| Defendants. | |

## NOTICE OF REMOVAL

NOW COMES the Defendant, LYFT, INC., by and through its attorneys, Michael P. Moothart, Richard C. Huettel, Erik L. Andersen, and James F. Maruna, of CASSIDAY SCHADE LLP, and for its Notice of Removal, pursuant to 28 U.S.C. § 1446, states as follows:

### Background and State Court Procedural Posture

1.      Plaintiff, ROSA PATINO, filed her initial complaint in the Circuit Court of Cook County on May 19, 2020.  *See* Cook County Docket Sheet, attached as ***Exhibit A***.  The Complaint named ATTREVE BROWN, HERTZ VEHICLES, LLC ("Hertz"), and LYFT, INC, ("Lyft") as defendants.  (Ex.A).

2.      Plaintiff's Complaint at Law sounds in negligence based on an alleged automobile accident that occurred on December 6, 2019 Martin Luther King Boulevard and I-94 in Cook County, Illinois.  (Ex.A at ¶ 10).  As a result of the alleged accident, Plaintiff claims that she sustained damages of a "personal, pecuniary, and permanent nature." (Ex.A at ¶ 13; 18; 23). In discussion with Plaintiff's counsel, the injuries involve a herniated disc or back injury that has resulted in multiple MRIs; medical imaging; and tens of thousands of dollars of medical

treatment to date, which has been put on hold due to the COVID-19 pandemic, expected additional medical treatment also in the tens of thousands of dollars; and potential lost wages.

3.  Plaintiff served Defendant Lyft with the Complaint at Law on July 24, 2020. *See* Service of Process, attached as ***Exhibit B***.

4.  Plaintiff has only served one other Defendant in this matter – Hertz.

**I.  This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

5.  Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged.

6.  First, there is complete diversity of parties. Plaintiff is a citizen of the State of Indiana. *See* Illinois Traffic Crash Report, attached as ***Exhibit C***.

7.  Served and Joined Defendant Lyft is a corporation organized under the laws of the State of Delaware, and Lyft's principal place of business is California. *See* Illinois Secretary of State Corporation File Detail Report for Lyft, Inc., attached as ***Exhibit D.***

8.  Served and Joined Defendant Hertz, is a corporation organized under the laws of the State of Delaware and Hertz's principal place of business is Florida. *See* Illinois Secretary of State Corporation File Detail Report for Hertz, attached as ***Exhibit E***.

9.  Unserved Defendant Brown is a citizen of Illinois. (Ex.A at ¶ 1); (Ex.C). However, as noted, there is no service on this Defendant. *See* Cook County Docket Printout, attached as ***Exhibit F***. Thus, Brown is not properly joined *and served* to this matter at the time of its removal.

10.  There is thus complete diversity of all properly joined *and served* parties in this matter at the time of removal. As noted, Plaintiff is a citizen of Indiana, and all three currently named Defendants are not. (Ex.A at ¶ 1); (Ex.C); (Ex.D); (Ex.E).

2

11.     Lyft, as both the non-forum defendant and a joined and served defendant, may remove this action because "removal before service on the in-forum defendant is permitted" in these circumstances.  *Grandinetti v. Uber Techs., Inc.*, No. 19-CV-5731, 2020 U.S. Dist. LEXIS 136827, *18, (N.D. Ill. Aug. 1, 2020) (Chang, J.); *Graff v. Leslie Hindman Auctioneers, Inc*., 299 F. Supp. 3d 928, 936 (N.D. Ill. 2017) (St. Eve, J.) (collecting cases); *see also D.C. v. Abbott Labs, Inc.,* 323 F. Supp. 991, 996-97 (N.D. Ill. 2018) (Dow, J.) (same).

12.     Second, this matter contains more than $75,000 in controversy.  In his Complaint at Law, Plaintiff alleges that, as a result of the alleged accident, Plaintiff sustained damages of a "personal, pecuniary, and permanent nature."  (Ex.A at ¶ 13; 18; 23).  In discussion with Plaintiff's counsel, the injuries involve a herniated disc or back injury that has resulted in multiple MRIs; medical imaging; and tens of thousands of dollars of medical treatment to date, which has been put on hold due to the COVID-19 pandemic.  Future medical treatment is expected, with costs also in the tens of thousands of dollars.  Plaintiff's counsel also advised that they are evaluating a lost wage claim.

13.     Because Illinois does not require a party to plead a maximum amount of damages in a state law negligence case, the Plaintiff claimed only that his damages *exceed* $50,000 in his underlying State Court Complaint rather than pleading a maximum value.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii).  However, the nature of Plaintiff's alleged injuries, and the value of her claimed economic and non-economic damages clearly place more than $75,000 in controversy in this matter.  *See* 28 U.S.C. § 1446(c)(2)(B).  Specifically, Plaintiff claims that the accident injured her back, that she has past, ongoing, and future medical expenses, and lost wages.  *See* (Ex.A at ¶ 12; 18; 23).  The amount of damages that Plaintiff alleges in his Complaint at Law places more than $75,000 in controversy.

14.     Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy.  28 U.S.C. § 1332.

15.     Next, venue is proper in this judicial district.  Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  Plaintiff's Complaint at Law alleges that her injuries stem from a motor vehicle collision that occurred in Cook County, Illinois. (Ex.A at ¶ 7).  Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois. Cook County, Illinois is located in the Northern District of Illinois, Eastern Division.  Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

## II.     Lyft Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446

16.     Lyft timely filed its Notice of Removal.  Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

17.     Plaintiff both filed this action and named Lyft as a Defendant on May 19, 2020. (Ex.F).  Plaintiff did not serve Lyft until July 24, 2020.  (Ex.B).  Accordingly, Lyft has thirty (30) days from July 24, 2020, to file its notice of removal, or more particularly, Lyft has until August 24, 2020 to file its notice of removal.  Lyft satisfied the requirement for timely filing Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(B).

18.     Furthermore, 42 U.S.C. § 1446(b)(2)(A) provides that all properly served and joined defendants must consent to removal.  Therefore, in order to remove this matter to Federal Court, Lyft must secure Hertz's written consent to remove this matter to Federal Court.  *See*

*Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("...all served defendants still have to support the petition in writing, i.e., sign it.")

19.     Hertz provided written consent to remove this matter to Federal Court by having its attorney consent to add his signature to this Notice of Removal.

20.     Therefore, Lyft has satisfied all requirements for removing this action to Federal Court.  28 U.S.C. § 1446(b)(2)(A)-(C).

21.     Because this lawsuit meets the requirements for diversity jurisdiction, and Lyft timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal Court.  Therefore, Lyft requests this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division

WHEREFORE, Defendant, LYFT, INC., respectfully requests this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

LYFT, INC.

By:  /s/ James F. Maruna

Michael P. Moothart / ARDC No. 6299545
Richard C. Huettel / ARDC No. 6190664
Erik A. Andersen / ARDC No. 6255553
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE, LLP
222 W. Adams Street, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mmoothart@cassiday.com
rhuettel@cassiday.com
eandersen@cassiday.com
jmaruna@cassiday.com

*Counsel for Defendant, Lyft, Inc.*

Respectfully submitted,

HERTZ VEHICLES, LLC.

By:  /s/ Christopher R. Henson

Christopher R. Henson
PAPPAS WRIGHT, P.C.
30 W. Monroe, Suite 1410
Chicago, IL 60603
(312) 421-5960
(312) 421-5310 – fax
chenson@passaswright.com


*Counsel for Defendant, Hertz Vehicles, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A paper copy was placed in U.S. Postal Service to:

Dominic LoVerde
Motherway & Napleton
140 S. Dearborn 1500
Chicago, IL 60603
(312) 726-2699
**Counsel for Plaintiff**

Christopher R. Henson
PAPPAS WRIGHT, P.C.
30 W. Monroe, Suite 1410
Chicago, IL 60603
(312) 421-5960
(312) 421-5310 – fax
chenson@passaswright.com
**Counsel for Hertz Vehicles, LLC**

/s/ James F. Maruna

9567410 JMARUNA;JMARUNA